UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
PANGEA CAPITAL MANAGEMENT, LLC

                Petitioner,

    -against-

JOHN R. LAKIAN
                Respondent.
------------------------------------------------------------------- x

Case No.: 16 CV 0840

**PETITION TO CONFIRM
ARBITRATION AWARD**

Petitioner Pangea Capital Management, LLC ("Pangea"), by its attorneys, Ingram Yuzek Gainen Carroll & Bertolotti, LLP, for its petition, pursuant to 9 U.S.C. § 9, to confirm the Amended Partial Final Award, dated January 15, 2016, and transmitted to all parties on February 2, 2016 (the "Award") of Hon. Stephen G. Crane (Ret.) (the "Arbitrator") of Judicial and Mediation Services, alleges as follows:

## THE PARTIES

1.     Pangea is a Delaware limited liability company with its principle place of business in New York, New York.

2.     Pangea was founded by Mark Branigan ("Branigan"), one of its two managing members, as an investment manager.

3.     Upon information and belief, John R. Lakian ("Lakian") is an individual residing at 65 Eagle Ridge Road, Highlands, North Carolina.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. The parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest. In addition, the Court has federal question jurisdiction based on the Arbitrator's award

509870_1/03257-0002

of treble damages and attorneys' fees on Pangea's claim for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.

5.  Venue is proper under 9 U.S.C. § 9 and 28 U.S.C. § 1391(b), because the Award was issued in this District, and a substantial portion of the events or omissions giving rise to the underlying claims occurred within this District.

## BACKGROUND

6.  In June 2012, Branigan and Pangea commenced an action in Supreme Court, New York County, against Pangea's other managing member, Lakian, Lakian's paramour, Diane Lamm ("Lamm"), and various entities owned and controlled by Lakian (the "Entity-Respondents"), captioned *Branigan, et al. v. Lakian, et al.*, Index No. 651975/2012 (the "Litigation").

7.  By stipulation dated September 14, 2012 (the "Arbitration Stipulation"), the parties voluntarily discontinued the Litigation and agreed to arbitrate all claims "arising out of or relating to" the Litigation before JAMS.

8.  The parties' dispute proceeded to arbitration in a matter captioned *Branigan, et al. v. Lakian, et al.*, JAMS Ref. No. 1425012628 (the "Arbitration").

9.  In the Arbitration, Branigan and Pangea asserted claims against Lakian, Lamm and the Entity-Respondents for, *inter alia*, fraud, breach of fiduciary duty, and violation of RICO.

10.  In particular, Pangea claimed that Lakian, with Lamm's assistance, had induced Pangea, based on a phony, fake term sheet, to invest millions of dollars to acquire a controlling stake in another company that came to be known as Capital L Group, LLC ("Capital L"), which was in the business of acquiring and "rolling up" registered investment advisory practices.

2

11. Pangea claimed that Lakian did not use the invested funds for their stated purpose, but, instead, that Lakian, with Lamm's help, used Pangea's acquisition of a controlling stake in Capital L, and Lakian's and Lamm's appointment to the board thereof, as a springboard for seizing control over Capital L and looting it -- including Pangea's investment therein -- to fund their lavish lifestyle and failed hospitality empire.

12. Lamm ultimately filed for bankruptcy protection on the eve of her deposition in the Arbitration, as a result of which the Arbitration was severed and stayed as against her.

13. Thereafter, the Arbitration proceeded to twelve days of hearings before the Arbitrator, who heard testimony from various fact and expert witnesses, heard argument from counsel for the parties, accepted hundreds of documents into evidence, and requested what ultimately entailed hundreds of pages of pre-hearing, post-hearing, and supplemental post-hearing briefing.

14. On January 4, 2016, the Arbitrator issued his initial 180-page award (the "January 4 Award"), finding Lakian liable to Pangea for damages on Pangea's RICO, fraud, and breach of fiduciary duty claims, and awarding Pangea punitive damages on its fraud claims plus interest and all arbitration costs.

15. Among other things, the Arbitrator specifically noted Lakian's "racketeering activities," his "scheme to defraud and pillage" Pangea, and his "rampant self-dealing," and found that Lakian had wrongfully helped himself to millions of dollars of Pangea's money.

16. By letter dated January 11, 2016, counsel for Lakian sought correction of the January 4 Award with respect to: (a) the Arbitrator's calculation of damages on Pangea's RICO, breach of fiduciary duty and fraud claims, alleging that the calculation contained multiple recoveries based on the same underlying claim for compensatory damages and/or lost profits,

and (b) the Arbitrator's evidentiary findings relating to one component of Pangea's compensatory damages claim predicated on a loan which Lakian alleged had been forgiven.

17. By letter dated January 12, 2016, counsel for Pangea responded to Lakian's January 11 letter challenging Lakian's evidentiary objection as beyond the scope of the applicable JAMS rules, and opposing Lakian's request for a correction of the damages calculation in the Award on the ground that the damages calculation in the Award was properly made.

18. In response to the parties' letters of January 11 and 12, 2016, on February 2, 2016, the Arbitrator issued the Award and a separate Order No. 21, which together provided for the insertion of a new decretal paragraph (number 28) into the Award to clarify that the Arbitrator's computation of Pangea's damages in the January 4 Award was non-duplicative and did not provide for multiple recoveries. In total, the Award granted Pangea almost $15.5 million, including interest to date.

19. Order No. 21 further dismissed Lakian's request for "recomputation" of the damages award to Pangea as a "veiled attempt at reargument ... which is outside the scope of JAMS Rule 24(j)."

## FIRST CLAIM

20. Pangea repeats and realleges the foregoing paragraphs as if fully set forth at length herein.

21. Pangea and Lakian are both parties to the Arbitration Stipulation, pursuant to which they agreed to submit all disputes "arising out of or relating to the allegations" in the Litigation to final, "binding" arbitration.

22. Included among Pangea's claims in the Arbitration was a claim for treble damages and attorneys' fees based on Lakian and his co-conspirators' violation of RICO, 18 U.S.C. § 1962, *et seq*.

23. No party to the Arbitration has moved to vacate, modify or correct the Award under sections 9, 10, or 11 of the Federal Arbitration Act.

24. Based on the Award, Pangea requests that this Court confirm the Award and enter judgment accordingly.

**WHEREFORE**, Pangea requests that this Court award it judgment against Lakian as follows:

(a) Entry of an Order, Judgment And Decree confirming the Award and awarding statutory interest thereon; and

(b) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 3, 2016

INGRAM YUZEK GAINEN CARROLL
& BERTOLOTTI, LLP

By: _____
Dean G. Yuzek
Caitlin L. Bronner
Evan T. Raciti
*Attorneys for Petitioner*
 *Pangea Capital Management, LLC*
250 Park Avenue
New York, New York 10177
(212) 907-9600
dyuzek@ingramllp.com
cbronner@ingramllp.com
eraciti@ingramllp.com