UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
PANGEA CAPITAL MANAGEMENT, LLC                                       :
                                                                     :
                Petitioner,                                          :  Case No.: 16-Civ. 00840 (LAK)
                                                                     :
        -against-                                                    :
                                                                     :
                                                                     :  **AFFIDAVIT OF DEAN G. YUZEK**
JOHN R. LAKIAN                                                       :
                Respondent.                                          :
-------------------------------------------------------------------- x

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

**DEAN G. YUZEK**, being duly sworn, deposes and says:

1. I am a member of the firm Ingram Yuzek Gainen Carroll & Bertolotti, LLP, attorneys for petitioner Pangea Capital Management ("Pangea"). I submit this affidavit in opposition to the motion of John R. Lakian ("Lakian") to vacate the Amended Partial Final Award, dated January 15, 2016, and transmitted to all parties on February 2, 2016 (the "Award"), of Hon. Stephen G. Crane (Ret.) (the "Arbitrator") of JAMS, which was issued in the matter, *Branigan, et al. v. Lakian, et al.*, JAMS Ref. No. 1425012628 (the "Arbitration"), in further support of Pangea's petition to confirm the Award, and in support of Pangea's cross-motion for an award of attorneys' fees under 28 U.S.C. §1927.

2. By letter dated February 28, 2014, a copy of which is annexed hereto, without exhibits, as Exhibit A, Eric Levine, Esq., then-counsel for Diane Lamm, one of Lakian's co-respondents in the Arbitration, wrote to the Arbitrator seeking permission to make a motion for summary judgment seeking the dismissal of, *inter alia*, Pangea's breach of fiduciary duty claim, on the ground that, among other things, such claim was purportedly derivative in nature,

belonged to Capital L Group, LLC ("Capital L"), and thus could not be asserted by Pangea. (Ex. A, at 2-3.)

3. By letter dated March 7, 2014, a copy of which is annexed hereto, without exhibits, as Exhibit B, Richard Carmen, Esq., then-counsel for Lakian and several entities named as respondents in the Arbitration, wrote to the Arbitrator stating, in relevant part, "[w]e have reviewed the February 28, 2014 letter from counsel for Respondent Diane Lamm requesting permission to move for summary disposition on certain causes in the Statement of Claim. *We would expect to join that motion for summary disposition to the extent it seeks the dismissal of any claims against Mr. Lakian ... that could or should have been brought on behalf of Capital L Group, LLC ....*" (Ex. B, at 1) (emphasis added).

4. Pangea responded by letter dated March 21, 2014, opposing the respondents' request for leave to move for summary disposition on all grounds.

5. Thereafter, by letter dated March 28, 2014, a copy of which is annexed hereto, without exhibits, as Exhibit C, Mr. Levine wrote to the Arbitrator, advising him of Justice Ramos' dismissal [primarily without prejudice] of many of Pangea's claims against its former attorneys, Cohen & Gresser, LLP, in the matter, *Pangea Capital Management, LLC, et al. v. Cohen & Gresser LLP* (Supreme Ct., N.Y. County, Index No. 651712/2013) (the "C&G Litigation").

6. As reflected in footnote 3 on page 1, Mr. Levine annexed a complete copy of the transcript of the oral argument on the motion to dismiss in the C&G Litigation (the "Ramos Transcript") as an exhibit to his March 28 letter, and argued that the transcript supported his request for leave to move for summary disposition because, *inter alia*, Justice Ramos had found, in the C&G Litigation, that the underlying claims were derivative in nature and belonged to

Capital L Group, LLC such that they could not form the basis for a malpractice action. (Ex. C, at 2-3.)

7. Mr. Levine argued that since the very same underlying claims were at issue in the Arbitration, Justice Ramos's dismissal of such claims, as reflected in the Ramos Transcript, was further proof of the supposed derivative nature of Pangea's breach of fiduciary duty claim in the Arbitration.

8. Annexed hereto as Exhibit D are copies of relevant pages from Pangea's Rule 20(b) pre-hearing submission, dated November 20, 2014.

9. Annexed hereto as Exhibit E are copies of relevant pages from Pangea's post-hearing submission, dated March 3, 2015.

10. Annexed hereto as Exhibit F are copies of relevant pages from Lakian and his co-respondents' post-hearing submission, dated March 6, 2015.

11. Annexed hereto as Exhibit G are copies of relevant pages from Pangea's supplemental post-hearing submission, dated June 11, 2015.

12. Annexed hereto as Exhibit H are copies of relevant pages from Lakian and his co-respondents' supplemental post-hearing submission, dated June 1, 2015.

13. Annexed hereto as Exhibit I are copies of relevant pages from Pangea's supplemental post-hearing reply submission, dated June 11, 2015.

14. Annexed hereto as Exhibit J is a copy of the Arbitrator's Order No. 18, dated April 2, 2015, directing the parties to submit supplemental briefing on, *inter alia*, Lakian's and his co-respondents' argument that the PSLRA barred Pangea's RICO claim.

15. For the reasons set forth in the accompanying memorandum of law, I respectfully request that the Court deny Lakian's motion to vacate the Award, and, instead, confirm the

Award in all respects and enter judgment thereon, plus interest, and award Pangea its attorneys' fees on this motion under 28 U.S.C. § 1927, together with such other and further relief as this Court deems just and proper.

_____
**DEAN G. YUZEK**

Sworn to before me this
13 day of May, 2016.

_____
Notary Public

MAUREEN McCABE
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01MC4636104
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES DEC. 31, 20___

## INDEX OF EXHIBITS

**EXHIBIT**

Letter, dated February 28, 2014, from Eric R. Levine to Honorable Stephen G. Crane, ............... A

Letter, dated March 7, 2014, from Richard E. Carmen to Honorable Stephen G. Crane, ............. B

Letter, dated March 28, 2014, from Eric R. Levine to Honorable Stephen G. Crane, ................... C

Pangea's Rule 20(b) Pre-Hearing Submission, dated November 20, 2014 .................................... D

Pangea's Post-Hearing Submission, dated March 3, 2015 ............................................................ E

Lakian and Co-Respondents' Post- Hearing Submission, dated March 6, 2015 ........................... F

Pangea's Supplemental Post-Hearing Submission, dated June 11, 2015 ...................................... G

Lakian and Co-Respondents' Supplemental Post- Hearing Submission, dated June 1, 2015 ....... H

Pangea's Supplemental Post-Hearing Reply Submission, dated June 11, 2015 ............................. I

Arbitrator's Order No.18, dated April 2, 2015 ............................................................................... J