# Exhibit J

JAMS COMPREHENSIVE ARBITRATION
NEW YORK, NEW YORK
------------------------------------------

MARK BRANIGAN, individually and
derivatively on behalf of PANGEA
CAPITAL MANAGEMENT, LLC, and PANGEA
CAPITAL MANAGEMENT, LLC,

                            Claimants,          Jams Ref No.
                                                 1425012628
            and

JOHN R. LAKIAN, individually and as
trustee of THE GEMS II REALTY TRUST,
DIANE LAMM, JRL INVESTMENT GROUP, INC.,
JRL INVESTMENT II, INC., ROADSIDE
KITCHENS, LLC, 17 N ROADSIDE KITCHEN,
LLC, and JRL IV, LLC,

                            Respondents.

------------------------------------------

## ORDER No. 18

Claimants Mark Branigan, individually and derivatively on behalf of Pangea Capital Management LLC, and Pangea Capital Management, LLC (hereinafter Claimants), and Respondents John R. Lakian, individually and as trustee of The GEMS II Realty Trust, JRL Investment Group, Inc., JRL Investment II, Inc., Roadside Kitchens, LLC, 17 N Roadside Kitchen, LLC, and JRL IV, LLC (hereinafter collectively referred to as the Lakian Respondents), each submitted JAMS Rule 20(b) pre-hearing submissions on November 20, 2014. Claimants submitted a lengthy 91-page brief, while Respondents submitted a more concise 26-page brief. Hearings were held in this matter on December 9, 10, 11, 12, 15, 16, 17, 18, and

1

19, 2014, January 23, 26 and February 2, 2015. Closing arguments were heard on February 2, 2015.

Pursuant to the Arbitrator's request, the parties simultaneously submitted post-hearing submissions on March 6, 2015. Claimants' post-hearing submission is 62 pages; Respondents' post-hearing submission is a lengthier 78 pages, with 290 footnotes. Respondents' post-hearing submission includes numerous arguments that have not been raised before in this proceeding. For example, Respondents' pre-hearing submission contains two paragraphs addressed to the claim to recover damages for civil RICO under 18 USC §1962. Respondents argue that the Claimants fail to allege (1) an enterprise, (2) any racketeering activity, or (3) any injury arising out of the alleged racketeering activity. Respondents assert that the Claimants have no injury distinct from the injury allegedly suffered as a result of the other claims asserted. In their post-hearing submission, however, Respondents devote a full 20 pages to the civil RICO claim. Included in those 20 pages is an argument never before raised - that 18 USC §1964(c) precludes reliance on conduct that would have been actionable as securities fraud to prove a violation of 18 USC §1962 [Respondents' Post-Hearing Submission, pp38-40]. Also newly raised is the argument that, should they prevail on the RICO claim, Claimants are not entitled to recover their attorneys' fees and expenses related to their state law claims [Respondents' Post-Hearing Submission, pp52-

53].

In opposing the claim to recover damages for fraud, Respondents assert that "Pangea has imputed to it not only the subjective knowledge to which Branigan may choose to admit, but also knowledge of the documents being negotiated and signed on its behalf by its other agent, Lakian" [Respondents' Post-Hearing Submission, p11]. Respondents have made no previous mention of this agency theory.

With respect to the claim to recover damages for breach of fiduciary duties, Respondents argue that the Delaware Limited Liability Act does not impose any fiduciary duties on an LLC [Respondents' Post-Hearing Submission, p18]. Although Claimants may have anticipated this argument (see Claimants' unauthorized submission dated March 9, 2015, p2), it is nonetheless a new argument not appearing in the Respondents' pre-hearing submission. Also new is the argument that the Pangea Operating Agreement authorized Lakian to, *inter alia*, compete with Pangea [Respondents' Post-Hearing Submission, pp19-21], and the discussion as to whether the February 2010 Consent eliminated that authorization [Respondents' Post-Hearing Submission, pp34-35]. Moreover, Respondents argue for the first time that Delaware law dictates dismissal of the breach of fiduciary duty claim where, as here, the breach of fiduciary duty and breach of contract claims "overlap completely" [Respondents' Post-Hearing Submission, p36].

The inclusion of these new arguments in Respondents' post-hearing submission leaves the Claimants bereft of the ability to respond to any of them. This is akin to a moving party raising new matter for the first time in a reply. New facts raised for the first time in a reply affidavit are routinely rejected on the ground that such a maneuver deprives the non-moving party of the right to respond without court permission [see Lumbermens Mut. Cas. Co. v Morse Shoe Co., 218 AD2d 624, 626 (1st Dept 1995); Azzopardi v American Blower Corp., 192 AD2d 453, 453-454 (1st Dept 1993); Dannasch v Bifulco, 184 AD2d 415, 416 (1st Dept 1992); Ritt v Lenox Hill Hosp., 182 AD2d 560, 562 (1st Dept 1992); Lazar v Nico Indus., 128 AD2d 408, 410 (1st Dept 1987)]. In Eujoy Realty Corp. v Van Wagner Communications, LLC, 22 NY3d 413 (2013), the Court of Appeals distinguished the "sloppy and potentially prejudicial motion practice" where facts are raised for the first time in a reply affidavit, as seen in the aforementioned First Department cases, from the presentation of a new legal argument in a reply brief. The Eujoy court held that courts have the discretion to consider new legal arguments raised for the first time in reply [see id. 22 NY3d at 422; 2014 McKinney's Supplementary Practice Commentaries to CPLR 2214, C2214:10; Seigel, NY Prac §246 (5th ed 2015)].[1]

---

[1] Procedural Order No. 1 dated February 28, 2013, provides that the procedural aspects of this arbitration shall be governed by the New York Civil Practice Law and Rules.

4

In their Post-Hearing submission, Claimants also asserted for the first time that the concept of a liquidating agreement permits them to pursue the claims of the Malhotras, LJMT and the Select Access Fund. (Claimants' Post-Hearing Submission, pp20-21.)

Thus, the Arbitrator is faced with the question of whether to exercise discretion in favor of entertaining these new arguments, or deem them waived or abandoned. If these new arguments are to be considered, fairness dictates that the Claimants and Respondents have an opportunity to address them, particularly in light of Respondents' assertion that these arguments are dispositive of certain issues in this arbitration. Otherwise, despite the Eujoy court's distinction between new facts and new legal arguments, the playing field is simply not level. Moreover, the complexity of the issues raised in this arbitration warrants additional input from the parties. Therefore, the parties are directed to submit further briefing as follows: within 21 days of the date of this Order, the Claimants shall submit a brief addressing the new arguments raised in the Respondents' Post-Hearing Submission, including a discussion as to how to treat Respondents' new arguments, i.e., on the merits or as waived or abandoned; within 21 days after receipt of the Claimants' brief, Respondents shall submit a "reply" brief responding to the arguments raised in Claimants' brief and addressing the Claimants' new argument of a liquidating agreement. The Claimants shall have 10 days to reply to the Respondents'

5

arguments addressed to the liquidating agreement contention. The Case Manager will contact the parties in the event the Arbitrator determines that oral argument is necessary.

Accordingly, it is

**ORDERED** that within 21 days of the date of this Order, the Claimants shall submit a brief addressing the new arguments raised in the Respondents' Post-Hearing Submission, including a discussion as to how to treat Respondents' new arguments, i.e., on the merits or as waived or abandoned; and it is further

**ORDERED** that within 21 days after receipt of the Claimants' brief, Respondents shall submit a "reply" brief responding to the arguments raised in Claimants' brief and addressing the Claimants' new argument of a liquidating agreement; and it is further

**ORDERED** that the Claimants shall have 10 days to reply to the Respondents' arguments addressed to the liquidating agreement contention.

Dated: New York, NY
April 2, 2015

_Stephen G. Crane_
Stephen G. Crane, Arbitrator

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Branigan, Mark, et al. vs. Lakian, John R., et al.
Reference No. 1425012628

I, Alicia Jantsch, not a party to the within action, hereby declare that on April 02, 2015 I served the attached order #18 on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at New York, NEW YORK, addressed as follows:

Dean G. Yuzek Esq.
Caitlin L. Bronner Esq.
Ingram Yuzek Gainen Carroll & Bertolotti LLP
250 Park Ave.
Sixth Floor
New York, NY   10177
Phone: 212-907-9600
dyuzek@ingramllp.com
cbronner@ingramllp.com
   Parties Represented:
   Mark Branigan
   Pangea Capital Management, LLC

Richard E. Carmen Esq.
Brief Carmen & Kleinman
805 Third Avenue
12 Floor
New York, NY   10022
Phone: 212-758-6160
rec@briefjustice.com
   Parties Represented:
   17 N Roadside Kitchen, LLC
   JRL IV, LLC
   JRL Investment Group, Inc.
   JRL Investment II, Inc.
   John R. Lakian
   Roadside Kitchens, LLC

Richard A. Beran Esq.
Charles Benjamin Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ   07102
Phone: 973-622-4444
rberan@mccarter.com
cbenjamin@mccarter.com
   Parties Represented:
   Diane Lamm

Michael D. Conner Esq.
Evan Moeller Esq.
Hirsch & Westheimer PC
1415 Louisiana
36th Floor
Houston, TX   77002
Phone: 713-223-5181
mconner@hirschwest.com
emoeller@hirschwest.com
   Parties Represented:

I declare under penalty of perjury the foregoing to be true and correct. Executed at New York, NEW

YORK on April 02, 2015.

_____
Alicia Jantsch
ajantsch@jamsadr.com